907 F.2d 1137
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Roger Dale EVERHART, Petitioner-Appellant,
v.
ATTORNEY GENERAL OF NORTH CAROLINA, Respondent-Appellee.
 No. 88-6840.
 United States Court of Appeals, Fourth Circuit.
 Submitted June 4, 1990.
Decided June 13, 1990.
 
 Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro. Frank W. Bullock, Jr., District Judge. (C/A No. 88-171-C-G)
 Roger Dale Everhart, appellant pro se.
 Barry Steven McNeill, Assistant Attorney General, Raleigh, N.C., for appellee.
 M.D.N.C.
 DISMISSED.
 Before ERVIN, Chief Judge, and CHAPMAN and WILKINS, Circuit Judges.
 PER CURIAM:
 
 
 1
 Roger Dale Everhart seeks to appeal the district court's order refusing habeas corpus relief pursuant to 28 U.S.C. Sec. 2254. Our review of the record and the district court's opinion accepting the recommendation of the magistrate discloses that this appeal is without merit. Accordingly, we deny a certificate of probable cause to appeal and dismiss the appeal on the reasoning of the district court. Everhart v. Attorney General of South Carolina, C/A No. 88-171-C-G (M.D.N.C. Sept. 8, 1988).* We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 2
 DISMISSED.
 
 
 
 *
 The magistrate found that despite Everhart's allegations that he was under the influence of the prescription medication tranxene when he entered his guilty plea, he could not overcome his representation at arraignment that he was not under the influence of any medication. We note that in addition to Everhart's allegations he submitted documentation establishing that he was, indeed, taking tranxene at the time of his arraignment. Moreover, Everhart alleges that he did not mention this fact at sentencing at his attorney's instruction. Although Everhart's allegations and documentation provide reason to inquire beyond his representations at sentencing, Blackledge v. Allison, 431 U.S. 63, 74-75 (1977), the magistrate correctly concluded that the record unequivocally established Everhart's competency to enter into the plea agreement and to plead guilty